IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES JIANHUA WU, *et al.*, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-0218-O |
| | § | ECF |
| | § | |
| WEIZHEN TANG, *et al.*, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Jiehua "Jay" Yu, Ziaohong "Olina" Peng, and Richard Gu's Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 21) and Memorandum of Law in Support (ECF No. 22) filed on June 28, 2010. Plaintiffs filed a Response (ECF No. 31) on July 19, and Defendants filed their Reply (ECF No. 32) on August 2, 2010. The Court finds that Defendants' motion should be **GRANTED in part** and **DENIED in part**.

### I. PROCEDURAL BACKGROUND

This action arises from the Court's January 15, 2010 Order in *SEC v. Oversea Chinese Fund, L.P., et al.*, No. 3:09-CV-0614-O (ECF No. 50), permitting the filing of complaints related to the SEC lawsuit. Plaintiffs, residents of this district, through several federal and state securities law and common law fraud claims allege that Defendants - Weizhen Tang, Jay Yu, Olina Peng, Richard Gu, Hong Xiao, and Wenyi Tang - defrauded them in transactions arising from investments made by Plaintiffs with Defendants.

Defendants' Jay Yu ("Yu"), Olina Peng ("Peng"), and Richard Gu ("Gu") (collectively "Movants") filed a Motion to Dismiss. *See* ECF No. 21. Defendants Weizhen Tang, Hong Ziao,

and Wenyi Tang are not parties to this motion. Plaintiffs assert eight claims against each Defendant for violations of federal and state law. The federal claims include alleged violations of the Securities Act of 1933, the Securities Act of 1934, and the Investment Advisers Act of 1940. *See* Pls.' First Am. Compl. ¶¶ 131-139. The state law claims include common law fraud, unjust enrichment, conspiracy, and violations of the Texas Securities Act. *See id.* ¶¶ 129, 139-145. Movants filed the Motion pursuant to Federal Rules 12(b)(6), 8, and 9(b) and move the Court to dismiss the entire case and causes of action asserted against them with prejudice.

## II. FACTUAL BACKGROUND[1]

Plaintiffs claim that defendants operated a Ponzi-like scheme targeting members of the Chinese-American community to obtain direct and indirect investments in the Oversea Chinese Fund ("OCF"). Pls.' First Am. Compl. ¶ 21, ECF No. 20. Defendant Weizhen Tang ("Tang") raised capital for OCF from U.S. investors by selling partnership interests in WinWin Partners ("WinWin"). *Id.* ¶ 23. J.O.R. & Associates, LLC ("J.O.R."), WinWin's general partner, was created in 2006 with Yu, Peng, and Gu as its members. *Id.* ¶¶ 68, 69. WinWin was never registered with the Securities and Exchange Commission ("SEC") but was registered with the Texas Securities Board in July 2008. *Id.* ¶ 24. Plaintiffs and other investors were told that J.O.R. was managing their investments, but they were never informed that as of January 1, 2007, Movants transferred their ownership interest in J.O.R. to Tang. *Id.* ¶ 62.

Movants served as WinWin managers and worked to obtain investors in the partnership. It was through the efforts of Peng that Plaintiffs Wu, Zhu, Fang, Zhang, and Zhao invested their money

---

[1] For the purposes of the motion to dismiss, all facts as stated Plaintiffs' First Amended Complaint will be taken as true.

in WinWin. *Id*. ¶¶ 74-114. Plaintiffs Zhu and Zheng also interacted with Gu who convinced them of Tang's success and facilitated their investments. *Id.* ¶¶ 90, 115-122.

Plaintiffs allege that Movants were aware of Tang's Ponzi scheme and therefore defrauded investors through their actions in promoting WinWin. They argue that Movants did not inform investors that Weizhen Tang & Associates was the entity holding OCF, and that Weizhen Tang & Associates and OCF were not registered with the Ontario Securities Commission ("OSC"). *Id.* ¶ 57. Movants also handled investors money inappropriately, falsely represented Tang as a "great trader", failed to transmit money as quickly as agreed, knew of losses and did not inform investors of their concerns, and continued to promote Tang's operations so as to prevent investors from further withdrawing money despite losses. *Id.* ¶ 58-65. Peng knew of the losses being suffered by Tang and withdrew her own money but failed to inform investors of her concerns, and in fact continued to promote the investments. *Id.* ¶ 61.

In February 2009, Weizhen Tang informed investors that he and OCF posted false profits on investors' account statements to conceal substantial trading losses. *Id.* ¶ 27. Plaintiffs claim that Movants made material misrepresentations to deceive Plaintiffs, which influenced their decisions to invest in WinWin, OCF, and other Weizhen Tang organizations. *Id.* ¶ 124.

### III. LEGAL STANDARDS

#### A. Federal Rules of Civil Procedure 8(a) and 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Ashcroft v. Iqbal*, the Supreme Court explained "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the

defendant-unlawfully-harmed-me accusation." 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007)). If a plaintiff fails in this regard, the defendant may file a motion to dismiss a plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S. Ct. at 1949. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949-50. When there are well-pleaded factual allegations, courts assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

### B.     Federal Rule of Civil Procedure 9(b)

Rule 9 of the Federal Rules of Civil Procedure applies to both federal securities claims and state-law fraud claims. *Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 430 (5th Cir. 2002). "In

alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Fifth Circuit has held that "[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how of the alleged fraud.'" *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). Likewise, pleading "fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177.

However, the particularity standard is relaxed for conditions of the mind such as scienter. *Tuchman v. DSC Commc'ns Corp.*, 13 F.3d 1061, 1068 (5th Cir. 1994). Scienter may be averred generally, but plaintiffs are still required to state "specific facts supporting an inference of fraud." *See Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 565 (5th Cir. 2002); *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994). Facts support an inference of fraud when they "either (1) show a defendant's motive to commit securities fraud or (2) identify circumstances that indicate consscious behavior on the part of the defendant." *Herrmann Holdings Ltd.*, 302 F.3d at 565.

### C. Private Securities Litigation Reform Act

Federal securities fraud claims are also subject to the pleading requirements of the Private Securities Litigation Reform Act ("PLSRA"). *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008). The PSLRA prescribes heightened pleading requirements and mandates that "any private securities complaint alleging that the defendant made a false or misleading statement must: (1) 'specify each statement alleged to have been misleading [and] the reason or reasons why the

statement is misleading,'; and (2) 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007) (quoting 15 U.S.C. § 78u-4(b)(1), (2) (2006)).

## IV. ANALYSIS

### A. Section 12(a)(1) of the Securities Act of 1933

Section 12(a)(1) of the Securities Act of 1933 ("Section 12(1)") provides for civil liability for any person who "offers or sells a security in violation of section 77e of this title." 15 U.S.C. § 77l(a)(1) (2006). Section 77e prohibits the sale or delivery after sale of an unregistered security that is required to be registered. *See* 15 U.S.C § 77e (2006).

The Act "imposes strict liability on offerors and sellers of unregistered securities," and permits recovery under Section 12(1) "'regardless of whether (the purchaser) can show any degree of fault, negligent or intentional, on the seller's part.'" *Swenson v. Engelstad*, 626 F.2d 421, 425 (5th Cir. 1980) (quoting *Hill York Corp. v. Am. Int'l Franchises, Inc.*, 448 F.2d 680, 686 (5th Cir. 1971)). To establish a prima facie case under Section 12(1), the plaintiff must show: "(1) the sale or offer to sell securities; (2) the absence of a registration statement covering the securities; and (3) the use of the mails or facilities of interstate commerce in connection with the sale or offer." *Swenson*, 626 F.2d at 425.

Plaintiffs plead sufficiently that each of the Movants is liable as a seller. Under the Act, a seller is "the person who successfully solicits the purchase, motivated at least in part by a desire to serve his own financial interests or those of the securities owner." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 871 (5th Cir. 2003) (citing *Pinter v. Dahl*, 486 U.S. 622, 647 (1988)). The Court finds that there were sufficient facts pled to overcome a 12(b)(6) motion to dismiss regarding the status of the

Movants as sellers. It is not clear that they received any profits from WinWin because the Complaint clearly states that Movants sold their interest in J.O.R. to Tang in January, 2007. But, Plaintiffs allege enough facts for the Court to find at this time that their actions, as they related to the investors, may have "serve[d] [their] own financial interests." *See* Pls.' First Am. Compl. ¶ 70; *Rosenzweig*, 332 F.3d at 871.

It is undisputed that the securities in the instant case were unregistered. *See* Pls.' First Am. Compl. ¶¶ 57, 123. In their original Motion to Dismiss (ECF No. 8), which they incorporated by reference into the current motion, Movants argue that the securities involved were exempt under section 4(2) of the Securities Act, 15 U.S.C. § 77d(2). Defs.' Mem. Supp. Mot. Dismiss 5, ECF No. 9. Section 4(2) exempts "transactions by an issuer not involving any 'public offering' from the registration requirements of the Act. *Swenson*, 626 F.2d at 425 (citing 15 U.S.C. § 77d(2) 2006)). The section 4(2) exemption is an affirmative defense, and the defendant bears the burden of establishing that the offering was private. *Doran v. Petroleum Mgmt. Corp.*, 545 F.2d 893, 899 (5th Cir. 1977) (citing *SEC v. Ralston Purina Co.*, 346 U.S. 119, 126 (1953)). Because the burden is on the Movants to show the affirmative defense, Plaintiffs need not allege facts asserting the offering was public. Additionally, although not explicitly stated, the Complaint alleges facts asserting that the offering was public. Peng distributed e-mails and Internet postings regarding Tang, and the OCF website advertised high returns. Pls.' First Am. Compl. ¶¶ 76, 37. Therefore, the Court finds Plaintiffs sufficiently alleged the securities were unregistered and the affirmative defense need not be alleged in the Complaint.

Finally, Plaintiffs allege Defendants made use of the instrumentalities of interstate commerce in connection with the acts, practices, and courses of business described in the Complaint. Pls.' First

Am. Compl. ¶ 18. Plaintiffs allege facts describing numerous acts involving electronic mail, wire transfers, and the Internet. *See generally id.* Accordingly, Movants' motion to dismiss Plaintiffs' Section 12(1) claim is **DENIED**.

## B. Fraud-Based Claims

Plaintiffs allege several claims against Movants based in fraud, including claims under section 12(a)(2) of the Securities Act of 1933 ("Section 12(2)"), section 10(b) of the Securities Exchange Act of 1934, section 206 of the Investment Advisors Act of 1940, the Texas Securities Act, common law fraud, unjust enrichment, and conspiracy. Allegations of fraud must meet the particularity requirements of Rule 9 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 9(b). Movants argue that Plaintiffs fail to state, under the standards of Rules 8 and 9(b), "particular facts, that, if true, would show that Yu, Peng, or Gu committed fraud." Defs.' Mot. Dismiss 13, ECF No. 21.

As an initial matter, the Court finds that Plaintiffs failed to sufficiently plead facts showing Defendants Yu and Gu made fraudulent misrepresentation or omissions of material facts to investors, as required by each claim. Pleading "fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177. Each of the fraud-based claims has as an element that the Defendants make a fraudulent misrepresentation or omission which must be pled with particularity under Rule 9(b). For each fraudulent statement Plaintiffs' claim, they must show who made the statement, where and when it was made, and why it was fraudulent. *Williams* 112 F.3d at 177. Additionally, Plaintiffs must show the requisite level of scienter for each claim. Plaintiffs fail to plead the misrepresentations or omissions made by

Defendants Yu and Gu with particularity and fail to show the level of scienter required under Rule 9(b).

Plaintiffs' Complaint frequently discusses supposed wrongs committed by Yu and Gu collectively without any differentiation between the Defendants. *See e.g.* Pls.' First Am. Compl. ¶ 58 ("Jay Yu, Olina Peng, and Richard Gu handled investors' money in ways that were inconsistent with the manner which they told the investors the money would be handled"). Such group pleading does not meet the requirements of Rule 9(b) or the PLSRA. *See Tellabs, Inc.*, 551 U.S. at 321. Where Plaintiffs describe particular interactions between Yu and Gu and the investors, they often fail to provide the specific facts necessary to meet the heightened requirements of Rule 9(b) such as where and when the statements were made. For example, other than a meeting introduction in which Yu described Tang as a "great trader", Plaintiffs do not cite any interaction between Yu and investors. *See id.* ¶ 25. Plaintiffs state that Richard Gu aided Liqing Zheng in making his investments and made several statements regarding Tang's trading ability but fail to provide any time period during which the statements were made. Pls.' First Am. Compl. ¶¶ 115-118.

Also, Plaintiffs' Complaint does not sufficiently state the level of scienter required under Rule 9(b) for a fraud-based claim.[2] Although plaintiffs may generally aver knowledge, intent, and other conditions of the mind, they still must state specific facts showing either (1) the defendant's motive to commit securities fraud or (2) conscious behavior. *Dorsey*, 540 F.3d at 339. As a basis for the fraudulent nature of Yu and Gu's statements, Plaintiffs argue only that the Defendants made misrepresentations in order to prevent investors from withdrawing money and to raise money from

---

[2]Article 581-33 of the Texas Securities Act does not require a showing of scienter; however, Plaintiffs' still fail to state a claim under the Texas Securities Act against Defendants Yu and Gu for the reasons stated in the previous paragraph. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343-44 (5th Cir. 2008).

new investors. Pls.' First Am. Compl. ¶ 65. The fact that Plaintiffs intended to increase the investments in a company that they participated in the management of does not show either motive to commit fraud or conscious behavior.

Therefore, Defendants' motion to dismiss claims against Defendants Yu and Gu under section 12(a)(2) of the Securities Act of 1933, section 10(b) of the Securities Exchange Act of 1934, section 206 of the Investment Advisors Act of 1940, the Texas Securities Act, common law fraud, unjust enrichment, and conspiracy are **GRANTED**. Accordingly, Plaintiffs' fraud-based claims against Yu and Gu are **DISMISSED**.

Many of Plaintiffs' allegations against Defendant Olina Peng similarly fail to meet the requirements of Rule 9(b) and the PLSRA. In some instances, however, Plaintiffs did meet the heightened pleading requirements. Therefore the Court will consider each claim individually as it relates to Olina Peng.

### 1. Section 12(a)(2) of the Securities Act of 1933

To establish a prima facie case under Section 12(2) of the Securities Act of 1933, a plaintiff must show that there was: (1) an offer to sell or an actual sale of a security that was (2) made by the use of any means of interstate commerce or the mails (3) through a written prospectus or some oral communication related to a prospectus that was (4) made in connection with a public offering and (5) included an untrue statement of material fact or omitted a material fact and (6) that the plaintiff did not know of the untrue statement or omission at the time of the offer or sale. 15 U.S.C. § 77l(a)(2).

The Supreme Court has held that "a prospectus under § 10 is confined to documents related to public offerings by an issuer or its controlling shareholders." *Gustafson v. Alloyd Co., Inc.*, 513

U.S. 561, 569 (1995). Further, "the phrase 'oral communication' is restricted to oral communications that relate to a prospectus." *Id.* at 567-68. In a case involving a defective prospectus, the Fifth Circuit stated, "[s]ection 12 permits a purchaser to rescind a securities sale, whether or not the security is registered, if it is sold by means of a material misstatement." *Rosenzweig*, 332 F.3d at 861.

Although Section 12(2) does not include a requirement of fraud, the Fifth Circuit has held that "claims under the Securities Act of 1933 are subject to Rule 9(b) when they are 'grounded in fraud rather than negligence.'" *Am. Realty Trust, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 362 F. Supp. 2d 744, 750 (N.D. Tex. 2005) (citing *Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994)). Rule 9(b) applies to "averments" of fraud, and if such averment is inadequate, the court disregards it when determining if a claim is stated sufficiently. *Id.* at 751 (citing *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363 (5th Cir. 2001)).

Like the claims against Yu and Gu, most of the claims against Peng were not pled with particularity. However, Plaintiffs sufficiently plead allegations that Peng misrepresented OCF's registration status with the OSC to Wu and misled Zhu and Zhao by implying that OCF and WinWin were registered with the OSC when in fact they were not.[3] Pls.' First Am. Compl. ¶¶ 57, 80, 87, 109. The pleadings show the requisite scienter because Peng's awareness of the ownership and registration status of WinWin indicate a conscious decision to mislead investors. Plaintiffs therefore

---

[3]According to the Complaint, Peng informed Wu that the investments were safe and the OCF in which WinWin invested was fully compliant with the requirements of the OSC. Pls.' First Am. Compl. ¶ 80. She discussed the registration of the OCF with Zhu and stated that "everything has been submitted to OSC Ontario Security Committee and waiting for approval." *Id.* ¶ 83. Finally, she sent an email to Zhao discussing the OSC status of Weizhen Tang Corp., but failed to inform Zhao that it was Weizhen Tang & Associates that acted as a holding company for OCF. *Id.* ¶ 109. Unlike Tang Corp., Tang & Associates was not registered with the OSC. *Id.* ¶ 57.

meet the requirements of Rule 9(b) and the PLSRA as it relates to the Section 12(2) claim. Considering the pleadings in the light most favorable to Plaintiffs, Peng may have been a seller of securities operating in interstate commerce. *See supra* IV.A. Although not explicitly stated, Plaintiffs' plead enough facts to show that Peng may have used a written prospectus or oral communications related to a written prospectus to overcome a 12(b)(6) motion to dismiss.

Movants also argue that securities must be registered for defendants to be liable under Section 12(2). Defs.' Mot. Dismiss 12, ECF No. 21. However, under the Fifth Circuit's decision in *Rosenzweig*, Section 12(2) liability can apply to unregistered securities. *See Rosenzweig*, 332 F.3d at 861. Therefore Plaintiffs were not required to allege that the securities were registered.

Accordingly, the motion to dismiss Plaintiffs' Section 12(2) claim as it relates to Peng is **DENIED**.

### 2. Section 10(b) of the Securities Exchange Act of 1934

Plaintiffs also assert a section 10(b) claim against Peng. The elements of a securities fraud action include: (1) a material misrepresentation or omission; (2) scienter, i.e., a wrongful state of mind; (3) in connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation, i.e., a causal connection between the material misrepresentation and the loss. *Oscar Private Equity Invs. v. Allegiance Telecom, Inc.*, 487 F.3d 261, 264 (5th Cir. 2007) (citing *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005)). To prove reliance, a complaint must show that plaintiffs "kn[ew] of the particular misrepresentation complained of, [] believed it to be true and because of that knowledge and belief purchased or sold the security in question." *Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 413 (5th Cir. 2001). Loss causation means that there is "a causal connection between the material misrepresentation and the loss." *Dura Pharms., Inc.*, 544

U.S. at 342.

As previously discussed, Plaintiffs pled enough facts to show that Peng may have been aware that OCF was not registered and both omitted to tell investors and even intentionally told Wu, Zhu, and Zhao that the fund was fully compliant with the requirements of the OSC. Pls.' First Am. Compl. ¶¶ 80, 87, 109. But, Plaintiffs inadequately state the remaining elements of a section 10(b) claim by failing to show that the investors relied on these statements or would not have invested had they known the additional information. The only statement in the Complaint regarding reliance states generally that all of the plaintiffs reasonably relied on the misrepresentations. *Id.* ¶ 127. This general statement, grouping all Defendants together, is not sufficient to allege securities fraud. Therefore, Movants' motion to dismiss Plaintiffs' section 10(b) claim against Olina Peng should be and is hereby **GRANTED**. Accordingly, Plaintiffs' claim is **DISMISSED**.

### 3. The Investment Advisors Act of 1940

Plaintiffs bring a claim against Defendant Peng under section 206 of the Investment Advisors Act of 1940. Section 206 makes it unlawful for an investment advisor to use the mails or interstate commerce "(1) to employ any device, scheme, or artifice to defraud any client or prospective client; (2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client." 15 U.S.C. § 80b-6 (2006). Section 215 provides for the rescission of any contract made in violation of the subchapter of the Act. 15 U.S.C. § 80b-15. While the Act does not provide for a private cause of action under these provisions, "the Supreme Court has held that 'there exists a limited private remedy under [section 215 of] the Investment Advisers Act of 1940 to void an investment advisers contract, but that the Act confers no other private causes of action, legal or equitable.'" *Corwin v. Marney, Orton Invs.*, 788 F.2d 1063, 1066

(5th Cir. 1986) (quoting *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 24 (1979)).

An investment advisor is defined as "any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing, or selling securities, or who, for compensation and as part of a regular business, issues or promulgates analyses or reports concerning securities." 15 U.S.C. § 80b-2. As with Plaintiffs' Section 12(2) and Section 10(b) claims, because Plaintiffs allege fraud, Plaintiffs must meet the pleading requirements of Rule 9(b) and the PSLRA.

As stated previously, Plaintiffs have stated enough facts to show that Olina Peng may have made fraudulent statements or omissions to investors. Movants argue that Plaintiffs failed to plead an investment advisor contract that could be rescinded under this claim. However, Plaintiffs' Complaint does state that on October 7, 2007, Peng showed Zhu the WinWin subscription form and the WinWin Capital Limited Partnership Agreement. Pls.' First Am. Compl. ¶ 87. Prior to Mr. Zhu making a deposit of $100,000, both Peng and Zhu signed the form. Although not entirely clear, taken in the light most favorable to the Plaintiffs, this may be an investment advisors' contract sufficient for a claim under sections 206 and 215 of the Investment Advisors Act of 1940. Additionally, although not explicitly pled, there are enough facts, taken in light most favorable to the Plaintiffs, to show that Peng may be considered an investment advisor for the purposes of the statute. Therefore, Plaintiffs' motion to dismiss the claim under the Investment Advisors Act against Peng is **DENIED**.

    **4.**    **Texas Securities Act**

Plaintiffs bring claims against Peng for violations of the Texas Securities Act under articles 581-33 and 581-33-1. Although both articles provide for several independent grounds for liability,

Plaintiffs' Complaint alleges violations for the sale of securities by means of untrue statements or omissions. *See* Pls.' First Am. Compl. ¶ 140. Article 581-33 provides for civil liability if a person sells a security "by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . . " Tex. Rev. Civ. Stat. Ann. art. 581-33A(2). Unlike common law fraud, an article 581-33 claim does not require scienter. *Dorsey*, 540 F.3d at 343-44.

Additionally, article 581-33 contains a provision for finding liability under section 33A for aiding and abetting a seller or issuer of security. *Id*. at 344 (citing Tex. Rev. Civ. Stat. Ann. art. 581-33F(2)). To state liability for aiding and abetting, the plaintiff must show:

> (1) a primary violation of the securities laws, (2) that the aider and abettor has a general awareness of his role in the violation, (3) that he gave substantial assistance in the violation, and (4) that he intended to deceive the plaintiff or acted with reckless disregard for the truth of the primary violator's misrepresentations.

*Id*. (quoting *Newby v. Enron Corp. (In re Enron Corp. Sec., Derivative & "ERISA" Litig.)*, 388 F. Supp. 2d 780, 787 (S.D. Tex. 2005)). Article 581-33-1 relates specifically to investment advisors and investment advisor representatives and finds liability for an advisor "who commits fraud or engages in a fraudulent practice in rendering services as an investment adviser." Tex. Rev. Civ. Stat. Ann. art. 581-33-1A(2).

Movants submit similar arguments under this claim regarding the lack of an investment advisor relationship between Plaintiffs and Peng. Though Plaintiffs do not explicitly state in the Complaint that Peng acted as an "investment advisor", the Court finds enough facts to show that Peng may have been acting for compensation in advising the Plaintiffs to invest. *See* 15 U.S.C. § 80b-2. The Court finds that the motion to dismiss Plaintiffs' claims against Peng under the Texas Securities Act should be and are hereby **DENIED**.

### 5. Common Law Fraud

Plaintiffs allege that Defendant Peng committed common law fraud against Plaintiffs. The Texas Supreme Court has stated the elements of fraud as:

> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001) (citing *Formosa Plastics Corp. v. Presidio Engrs. & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)). The Fifth Circuit holds that when Plaintiffs do not distinguish their federal and state law claims, there is no principled reason why the state claims of fraud should escape the pleading requirements of the federal rules." *Williams*, 112 F.3d at 177. As previously stated, Plaintiffs have met federal pleading requirements as related to Olina Peng's alleged misrepresentations. However, as required under section 10(b), Plaintiffs must plead facts showing that the investors relied on Peng's representations. *In re FirstMerit Bank*, 52 S.W.3d at 758. Because Plaintiffs fail to sufficiently allege investors relied on Peng's representations, Movants' motion to dismiss the common law fraud claim against Peng is **GRANTED**.

### 6. Unjust Enrichment

Plaintiffs bring a claim against Defendant Peng for unjust enrichment. Under Texas law, "[u]njust enrichment is an implied-contract theory stating one should make restitution when it would be unjust to retain benefits received." *Purselley v. Lockheed Martin Corp.*, 322 F. App'x 399, 403 (5th Cir. 2009) (citing *Walker v. Cotter Props., Inc.*, 181 S.W.3d 895, 900 (Tex. App.–Dallas 2006, no pet.)). Additionally, "[u]njust enrichment allows recovery 'when one person has obtained a

benefit by another by fraud, duress, or the taking of an undue advantage.'" *Id.* (Citing *Heldenfels Bros., Inc. v. Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)). As previously stated, Plaintiffs have not met the requirements of common law fraud and have not pled facts to show duress or the taking of an undue advantage. *See supra* IV.B.5. Therefore, Movants' motion to dismiss the unjust enrichment claim is **GRANTED**.

### 7. Conspiracy

The elements of a cause of action for civil conspiracy in Texas are (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1990). The "meeting of the minds" element is "to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Transport Insurance Co. v. Faircloth*, 898 S.W.2d 269, 278 (Tex. 1995). "[T]here must be a preconceived plan and unity of design and purpose." *Goldstein v. Mortenson*, 113 S.W.3d 769, 779 (Tex. App.–Austin 2003, no pet.) ("A conspiracy to defraud on the part of two or more persons means a common purpose, supported by a concerted action to defraud, that each has the understanding that the other has that purpose."). "Once a conspiracy is proven, each co-conspirator 'is responsible for all acts done by any of the conspirators in furtherance of the unlawful combination.'" *Carroll v. Timmers Chevrolet*, 592 S.W.2d 922, 926 (Tex. 1979) (quoting *State v. Standard Oil Co.*, 107 S.W.2d 550, 559 (Tex. 1937)).

Plaintiffs' Complaint states only that "'[t]he defendants and the non-parties conspired with each other to commit the above described wrongful acts. Each defendant is liable for the wrongful actions of the other defendants and are jointly and severally liable for the damages suffered by the

plaintiffs." Pls.' First Am. Compl. ¶ 129. Defendants' note in their motion that it is not clear whether Plaintiffs' intended to assert a claim for conspiracy based on this single paragraph. Defs.' Mot. Dismiss 8 n.5, ECF No. 21. The Court agrees that it is not clear from the Complaint whether this is intended to be a claim or not although Plaintiffs' response to Defendants' original motion to dismiss implies that it is. *See* Pls.' Resp. Mot. Dismiss 20, ECF No. 14. Plaintiffs fail to state the elements of this cause of action against Peng. Nowhere in the Complaint do they plead facts showing a meeting of the minds between any of the Movants and other parties. If they are able to prove the fraud allegations, then they may be able to show the facts necessary for conspiracy, but at this time, they have not done so. Therefore, Movants' motion to dismiss the conspiracy claim against Peng is **GRANTED**.

V.  **CONCLUSION**

For the foregoing reasons, Movants Yu, Peng, and Gu's 12(b)(6) motion to dismiss Plaintiffs' claims is **GRANTED in part** and **DENIED in part**. Movants' motion is **GRANTED** as to Plaintiffs' claims against Defendants Yu and Gu under section 12(a)(2) of the Securities Act of 1933, section 10(b) of the Securities Exchange Act of 1934, section 206 of the Investment Advisors Act of 1940, the Texas Securities Act, common law fraud, unjust enrichment, and conspiracy. Movants' motion is **GRANTED** as to claims against Defendant Peng under section 10(b) of the Securities Exchange Act of 1934, common law fraud, unjust enrichment, and conspiracy. Movants motion is **DENIED** as to claims against Defendants Yu, Gu, and Peng under section 12(a)(1) of the Securities Act of 1933 and for claims against Defendant Peng under section 12(a)(2) of the Securities Act of 1933, section 206 of the Investment Advisors Act of 1940, and the Texas Securities Act.

Movants ask that the Court deny Plaintiffs another chance to amend. Defs.' Reply 6-7, ECF No. 32. "In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The Court already granted Plaintiffs one chance to amend their pleadings. Defendant filed a Motion to Dismiss (ECF No. 8) on March 10, 2010. Plaintiffs filed a Response (ECF No. 14) requesting leave to amend and the Court granted that request declaring Defendants' motion denied as moot. *See* Order June 9, 2010, ECF No. 16. Plaintiffs were made fully aware of Defendants' objections to the sufficiency of their pleadings and failed to correct them in their First Amended Complaint (ECF No. 20). Therefore, the Court denies Plaintiffs' request to further amend the pleadings.

Accordingly, it is ordered that Plaintiffs' claims against Defendants Yu and Gu under section 12(a)(2) of the Securities Act of 1933, section 10(b) of the Securities Exchange Act of 1934, section 206 of the Investment Advisors Act of 1940, the Texas Securities Act, common law fraud, unjust enrichment, and conspiracy should be and are hereby **DISMISSED** with prejudice. Plaintiffs' claims against Defendant Peng under section 10(b) of the Securities Exchange Act of 1934, common law fraud, unjust enrichment, and conspiracy should be and are hereby **DISMISSED** with prejudice.

**SO ORDERED** this **14th** day of **January, 2011.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**